IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Herbert T. Frazier, | Civil Action No.:2:13-2279-JMC-WWD |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Michael McCall, *Warden*, | |
| Respondent. | |

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Respondent's Motion for Summary Judgment. (Dkt. No. 18; see also Dkt. No. 17.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on August 19, 2013. (See Dkt. No. 1 at 14 of 14.) On December 18, 2013, Respondent filed a Motion for Summary Judgment. (Dkt. No. 18; see also Dkt. No. 17.) By order filed December 23, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 19.) Petitioner filed his Response in Opposition on or about February 24, 2014. (Dkt. No. 23.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Lee Correctional Institution. In October of 2007, the Charleston County Grand Jury indicted Petitioner for armed robbery. (See R. at 29-30.) Petitioner was represented by Rodney Davis, Esquire. (See R. at 1.) On March 7, 2008, Petitioner pled guilty before the Honorable R. Markley Dennis, Jr. (See R. at 1-28.) Judge Dennis sentenced Petitioner to twenty years of confinement. (R. at 26.)

Petitioner did not file a direct appeal. On February 23, 2009, however, he filed an application for post-conviction relief ("PCR"). (R. at 32-38.) In his PCR petition, Petitioner claimed ineffective assistance of counsel, involuntary plea, and that the plea was not knowingly and intelligently made. (R. at 34.) On February 9, 2010, an evidentiary hearing was held before the Honorable Roger M. Young, Sr. (R. at 45-96.) Petitioner was present and represented by Benjamin LeClereq, Esquire. (R. at 45.) Judge Young denied relief. (R. at 97-103.)

On November 1, 2010, Kathrine H. Hudgins, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari. (Dkt. No. 17-1.) In that petition, Petitioner raised the following issue: "The guilty plea was rendered involuntary by the fact that an officer told petitioner that he would receive a sentence of no more than six years." (Dkt. No. 17-1 at 5 of 8.)

The South Carolina Court of Appeals entered an order denying the petition on September 5, 2012. (Dkt. No. 17-3.) The matter was remitted to the lower court on September 27, 2012. (Dkt. No. 17-4.)

As noted, Petitioner filed this habeas petition on August 19, 2013. (See Dkt. No. 1.) In this court, Petitioner claims ineffective assistance of counsel, involuntary plea, and that his plea was not knowingly and intelligently made.

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597

F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As noted above, Respondent seeks summary judgment; Respondent asserts, *inter alia*, that the habeas petition is barred by the statute of limitations. (Dkt. No. 18; see also Dkt. No. 17.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, a person "in custody pursuant to the judgment of a State court" and who seeks federal habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court has recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 650.

Respondent contends Petitioner's conviction became final on March 17, 2008, and from March 17, 2008, 343 days of non-tolled time ran until Petitioner filed his state PCR application on February 23, 2009. The one-year statute of limitations remained tolled until the state court of appeals remittitur dated September 27, 2012. The statute started running again on that date and expired 22 days later on October 19, 2012. Petitioner did not file this federal habeas petition until it was delivered to prison authorities on August 19, 2013, making the petition almost one-year out of time.

Petitioner's habeas petition was not filed within the one-year time frame set forth in § 2244(d)(1)(A). Rule 203(b)(2) of the South Carolina Rules of Appellate Procedure states, in relevant part, "After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed." S.C. R. App. P. 203(b)(2). Petitioner was sentenced on March 7, 2008, (R. at 26), and he did not appeal; his conviction therefore became final on March 17, 2008. S.C. R. App. P. 203(b)(2); see, e.g., Johnson v. Warden, 6:10–19–HFF–KFM, 2010 WL 4386947, at *4 (D.S.C. Sept. 21, 2010), adopted at 2010 WL 4393281 (D.S.C. Oct. 29, 2010). Petitioner did file an application for post-conviction relief on February 23, 2009; the statute was therefore tolled until–at the latest–September 27, 2012. Petitioner had until October 19, 2012, to timely file his petition, but he filed his petition

4

on August 19, 2013. Petitioner filed the instant action almost a full year after the period set forth in § 2244(d)(1)(A) expired. His petition is, therefore, untimely.

Even if a § 2254 petition is untimely, a petitioner may be entitled to equitable tolling. In his response to the question about timeliness, (see Dkt. No. 1 at 13 of 14), Petitioner says that there was time for consideration of his fitness to stand trial. Unfortunately Petitioner's handwriting is illegible, and in any event, this contention makes no sense in the context of a statute of limitations issue.

Despite Petitioner's arguments, the undersigned concludes that Petitioner is not entitled to equitable tolling. As noted above, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 at 649 (citing Pace, 544 U.S. at 418) (internal quotation marks omitted). Petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 F. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the

petitioner's control make timely filing impossible."); see also Parmaei v. Jackson, 378 F. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court."). Accordingly, the undersigned recommends granting Respondent's Motion for Summary Judgment.

## CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 18) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[1]

IT IS SO RECOMMENDED.

July 29, 2014  
Charleston, South Carolina

WALLACE W. DIXON  
UNITED STATES MAGISTRATE JUDGE

**The parties' attention is directed to the important notice on the next page.**

---

[1] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  **Robin L. Blume, Clerk**
>  **United States District Court**
>  **Post Office Box 835**
>  **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).